STATE of Missouri,
Plaintiff-Respondent,

v.

Dwight COUCH, Defendant-Appellant.

No. KCD 29185.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Kevin Locke, Lee M. Nation, Asst. Public Defenders, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant was found guilty under a second offender information of assault with a deadly weapon with intent to kill or do great bodily harm with malice aforethought. Upon the jury's finding of guilt, he was sentenced by the court to sixteen years imprisonment.

Sufficiency of the evidence to sustain the conviction is not questioned. The evidence would show that the defendant, an attendant at a health club, enticed a female guest at the health club to return to the health club after closing hours, at which time he struck her on the head and attempted to strangle her. The victim escaped, received stitches to close the laceration, and was treated for various scrapes and abrasions on her body. A knife and a metal chisel with blood stains were found on the premises.

Defendant first contends that the information defectively charges him as a second offender. The information filed June 23, 1976, recited that he had previously been convicted of assault with intent to rape with malice aforethought on September 23, 1976, and imprisoned therefor on September 25, 1975. The evidence clearly showed at the time the second offense was proven by the State that the September 23, 1976 allegation of the information was erroneous. The point is controlled by *State v. Garner,* 538 S.W.2d 937 (Mo.App.1976), where the Statute of Jeofails, § 545.030 RSMo 1969, now incorporated in Rule 24.11, was applied to an identical situation. The point is without merit.

In the second point of error, the defendant claims the court erred in permitting a records custodian to testify concerning the records of treatment of the victim. The defendant claims he requested discovery of these records, but had not been furnished them prior to trial. The record supports that claim. It would appear that it was error under Rule 25.32 for the State to fail to at least disclose that the records would be offered at trial. The error, however, is not prejudicial under the facts presented here. Rule 25.45 gives the trial court a variety of remedies to employ when it appears that the State has not produced a matter properly requested under the rule. The rule does not require automatic exclusion of evidence not proffered under proper discovery. *State v. Helms*, 559 S.W.2d 587 (Mo.App.1977). The imposition of any particular sanction is a matter of the exercise of the trial court's discretion. The basic issue to be resolved is whether or not the exercise of that discretion was abused. That depends upon whether or not the acts of the trial court result in prejudice or fundamental unfairness to the defendant. *State v. Moten*, 542 S.W.2d 317 (Mo.App. 1976). The prejudice in turn depends upon the nature of the charge, the evidence presented, and the role the undisclosed testimony would likely have played in the preparation of a defense. If the evidence was not of such a character as to raise a reasonable likelihood that its prior discovery would have affected the result of the trial, there is no error in failing to impose sanctions for its nondisclosure. *State v. Dayton*, 535 S.W.2d 469 (Mo.App. 1976). The records were merely corroborative of the victim and the police officer who saw her immediately after the attack, and the trial court, in fact, did afford defense counsel one of the remedies contemplated by Rule 25.45, by permitting defendant a recess to examine the records. There is no claim by the defendant that the time allowed for the examination of the records was inadequate or that a better defense could have been advanced had the records been made available earlier. There is no basis to find that the sanction afforded by the trial court was an abuse of discretion under the facts of this case. *State v. Helms, supra; State v. Wendell*, 547 S.W.2d 807 (Mo.App.1976). Judgment and conviction are affirmed.

All concur.