STATE of Missouri,
Plaintiff-Respondent,

v.

Randolph Dean WALKER,
Defendant-Appellant.

No. 11850.

Missouri Court of Appeals,
Southern District,
Division Two.

June 4, 1981.

**44**

John D. Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

A jury found defendant guilty of stealing an automobile and assessed his punishment at 6 years imprisonment. Defendant was charged with being a persistent offender, § 558.016, RSMo 1978, and following a sentencing hearing, § 558.021, RSMo 1978, he was sentenced by the trial judge to 12 years imprisonment. Defendant contends that the sentence "constituted cruel and unusual punishment". He claims that the circumstances here "warrant leniency rather than the severity meted out" because the 20-year-old automobile he was charged with stealing was promptly recovered by the owner and was not damaged by the theft.

 A punishment within the statutory limits is not cruel and unusual because of its duration unless so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances. *State v. Boley*, 565 S.W.2d 828, 832 (Mo. App.1978). See also *State v. Agee*, 474 S.W.2d 817, 821–822 (Mo.1971); *State v. Mazzeri*, 578 S.W.2d 355, 357 (Mo.App.1979).

Stealing a motor vehicle is a class C felony. § 570.030–2(3)(a), RSMo 1978. Under § 558.016–4(2), RSMo 1978, the judge can sentence a persistent offender to a term not to exceed 15 years for a class C felony. The trial court made specific findings that defendant had been convicted of five previous felonies: (1) March 10, 1967, car tampering; (2) September 13, 1968, burglary and grand stealing; (3) April 6, 1973, grand stealing; (4) November 17, 1975, grand stealing; and (5) September 14, 1976, second degree burglary. When the judge decides the sentence, he shall do so "having regard to the nature and circumstances of the offense and the history and character of the defendant". § 557.036–1, RSMo 1978. This was an extended term sentence for defendant's sixth felony conviction, and we do not believe that under these circumstances the sentence would shock the moral sense of all reasonable men as to what is right and proper.

The judgment is affirmed.

All concur.