**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Alfred STEWART, Defendant-Appellant.**

No. 43522.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 4, 1982.

Edward T. Wright, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Alfred Stewart, appeals from a jury conviction for murder in the second degree and a sentence of twenty years imprisonment.

Defendant argues five Points Relied On which we will address in the order raised.

In his first Point Relied On defendant contends the trial court erred in overruling his motion for acquittal at the close of the evidence because there was insufficient evidence to convict him of murder in the second degree.

■ In determining whether the evidence is sufficient to support a criminal conviction, we must consider the evidence and all reasonable inferences therefrom in the light most favorable to the state and ignore all contrary evidence and inferences. *State v. Hodges,* 586 S.W.2d 420, 428 (Mo. App.1979).

The following evidence was adduced at trial. On the night of November 16, 1979, Connie Langston held a party at her home to celebrate her fifteenth birthday. The teenagers gathered in the basement of the house where they danced and talked. The defendant was dancing when the victim, Paul Roberts, cut in. After defendant and Roberts exchanged a few words, Roberts began dancing with defendant's partner.

Defendant left the party, went home, and within twenty minutes returned to the party with a concealed butcher knife. Defendant then asked a friend to go get Paul Roberts so that he could speak to him. Roberts walked over to defendant and an argument ensued, whereupon defendant grabbed Roberts by the neck with one hand and stabbed him with the other.

Defendant contends no evidence of murder was introduced at trial. He states that all witnesses testified that the victim "came at" defendant immediately prior to the stabbing. But defendant's version of the facts does not consider all the evidence.

Four of the guests at the party gave written statements to the police at the time of the incident and also testified at the trial. All of these guests testified that the victim did not "come at" defendant immediately prior to the stabbing. They testified that they saw the parties talking to one another and then they saw defendant stab the victim. Each guest further testified that the victim did not strike at defendant nor approach him in a sudden manner.

■ The evidence establishes, as required by the jury instruction on second degree murder, MAI–CR 15.14, that defendant did

not act in "anger suddenly provoked by the unexpected acts or conduct" of Roberts and that the defendant intended to take the life of the victim. The jury could have concluded beyond a reasonable doubt that the defendant stabbed Roberts with premeditation and malice aforethought. *See State v. Little*, 601 S.W.2d 642, 643 (Mo.App.1980). The evidence is clearly sufficient to sustain a conviction for murder in the second degree. Point denied.

■ In his second Point Relied On defendant contends the court erred in failing to set aside the verdict and grant a new trial. Defendant argues that the jury's unanswered [1] request for clarification as to the basic difference between murder in the second degree and manslaughter, followed by its verdict of guilty of murder, demonstrated the jury's lack of understanding of the very issue it was to decide. We disagree.

The defendant states in his motion for new trial and at oral argument that in answer to the jury's inquiry the court replied that the jury must be guided by the instructions. We find the court's answer to the inquiry proper. It referred the jury back to the instructions given which included verdict directors for murder in the second degree and manslaughter. These instructions stated the elements of these crimes. We find nothing in the record to indicate, and we cannot presume, bias and prejudice on the part of the jury or a failure of the jurors to reach a proper conclusion. *See State v. Hayes*, 518 S.W.2d 40, 48 (Mo. banc 1975). Point denied.

Defendant contends, in his third Point Relied On, that the court erred in not granting a new trial after the prosecutor in closing argument improperly suggested to the jury that it consider possible parole factors in assessing punishment.

Defendant attributes the following statements to the prosecutor: "Well, what you think of as ten years, is not ten years in the prison system. You know what I mean. You know how different ten years can be. Ten years in that system isn't ten years." Unfortunately, we have no way of ascertaining whether this is a correct rendition of the prosecutor's remarks and we cannot review these remarks in their context, since defendant has failed to include any part of the closing argument in the record on appeal.

Supreme Court Rule 81 and its subparts outline the necessary procedures and requirements for filing an appeal. Rule 81.-12(a) clearly states: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision."

■ An appealing party is entitled to appellate review based upon a full, fair and complete transcript on appeal, but the appellant bears the ultimate responsibility for preparing and filing that transcript. *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974). The trial transcript is binding on the reviewing court. The comments defendant complains of are not substantiated by the record and, as a result, cannot be considered on appeal. *State v. Battle*, 588 S.W.2d 65, 70 (Mo.App.1979). Point denied.

In his fourth Point Relied On defendant contends the court abused its discretion by not reducing his sentence as authorized under Rule 29.05.

■ As a general rule, a reviewing court has authority to reduce a sentence only if the necessary passion and prejudice and abuse of discretion clearly appear in the record. *State v. Gardner*, 524 S.W.2d 38, 41 (Mo.App.1975).

■ We have considered the non-exclusive factors [2] which bear upon a request to

1. The jury had deliberated 3½ hours at the time of its request and reached its verdict within an hour after the court instructed it to follow the instructions given.

2. These factors are as follows:

   ... (1) was the penalty the maximum provided by law, (2) was the crime a brutal one, (3)

the trial court for a reduction of sentence enumerated in *State v. Mucie*, 448 S.W.2d 879, 889 (Mo.1970) as applied to the record before us. We have also considered the additional factors advanced by defendant which include alleged trial errors and the fact that the defendant was 16 years old at the time of the commission of the crime and had no prior criminal record. We also note the punishment fixed was within the range of punishment provided by the statute. We find no abuse of discretion by the trial court in declining to reduce defendant's twenty year sentence. Point denied.

Defendant's fifth point reads as follows:

The Court erred in not granting a new trial on the issue of the State withholding from the Defendant an independent study made of Defendant while in the Juvenile Detention Center, because Defendant had requested such information through discovery, and such information would have made it possible to use one of the sociologist's testimony, in that during her interview Defendant's 'voice trembled slightly and his body noticeably shook', which would have offset a juvenile officer's testimony at the trial that during such time Defendant was happy and smiling.

At the hearing on defendant's motion for a new trial, the defendant's attorney testified that several weeks after the trial he learned from a juvenile social worker that a study of defendant had been made by two sociologists at St. Louis University. This study was made sometime after the commission of the crime and after defendant had been interviewed by police officers. The officers testified that when they questioned defendant about the stabbing he appeared in a good mood and acted happy. The sociologists were not present when the police officers interviewed the defendant.

Defendant argues that this study should have been turned over to him under the terms of his pre-trial discovery motion. He states the study shows the following: "As Alfred told us the story of the stabbing his voice trembled slightly and his body notice-

ably shook." Defendant argues that this sentence would have been helpful and relevant to his defense.

This study was part of the juvenile court record and there is nothing in the record before us to show that the prosecution knew or had possession of this report.

However, assuming that the study was in the possession of the prosecution, this does not mean that the failure to turn it over to defendant would constitute an automatic basis for ordering a new trial. The sanctions to be imposed for such a failure lie within the sound discretion of the trial court. It will be an abuse of discretion not to impose a sanction, such as ordering a new trial, only where the failure of disclosure results in fundamental unfairness to the defendant. *State v. Davis*, 556 S.W.2d 45 (Mo. banc 1977). Fundamental unfairness is measured by whether the evidence or the discovery thereof would have affected the result of the trial. *State v. Couch*, 569 S.W.2d 789 (Mo.App.1978). It is by this standard that the non disclosure of the study must be examined. *State v. Royal*, 610 S.W.2d 946, 951 (Mo. banc 1981).

Applying this standard to the facts here we find no abuse of discretion by the trial court in denying defendant's motion for a new trial. We do not believe the difference in defendant's demeanor as described by the police officers on the night of the crime and the demeanor described by two sociologists some time after the commission of the crime would have a significant bearing on the issue of defendant's guilt or innocence. The real issue for the jury was to decide whether defendant stabbed the victim without just cause during a quarrel or whether the defendant was acting in legitimate self defense. We do not believe the nondisclosure of the study affected the outcome of the trial. *State v. Royal, supra*. Point is denied.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.

how long did it take the jury to reach its verdict, (4) were there instances of inflamma-

tory conduct or other prejudice producing events in the trial.