**STATE of Missouri, Respondent,**

v.

**Alphonso E. McALESTER, Appellant.**

**No. WD 32207.**

Missouri Court of Appeals,
Western District.

May 25, 1982.

Lloyd F. Dieckman, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Alphonso E. McAlester was found guilty by a jury of burglary first degree, § 569.-160, RSMo 1978, and stealing over $150, § 570.030, RSMo 1978. The jury assessed punishment at confinement for 15 years for the burglary charge and 7 years for stealing. The court imposed the sentences assessed by the jury and ordered that they run consecutively.

McAlester contends the evidence failed to show any bursting or breaking into the dwelling and the trial court should have exercised its power to reduce the sentences. Affirmed.

At about 3:00 A.M. on February 21, 1980, Mary Byers, who was paralyzed from the neck down as a result of an auto accident, was in bed in her home when she heard a noise. She then saw a man she identified as Alphonso McAlester enter her room and go into an adjoining room. McAlester came back to her room and took a drawer from her dresser. While pretending to be asleep, Byers observed McAlester rifle through the drawer and take some bills from it. She had a purse in that drawer containing $165. After Byers observed McAlester remove bills from the drawer, her $165 was discovered to be missing.

Byers knew McAlester because he had been "going with" her daughter for some years. She stated there was sufficient light in the house for her to definitely identify McAlester.

McAlester contends the State was required to prove that entry to the Byers' house was accomplished by a bursting or breaking. While the former law did require a bursting or breaking, § 569.160 makes no such requirement. As held in *State v. McGinnis*, 622 S.W.2d 416, 419 (Mo. App.1981), the present statute requires neither a breaking nor even the opening of a door. The offense occurs by an unlawful entry. Here there is no question that the entry of McAlester was unlawful and, therefore, the requirement of the statute was met.

McAlester contends the court should have reduced his punishment pursuant to the power granted by Rule 29.05 because the sentences assessed by the jury were the result of undue sympathy and passion for Byers because of her disability. In *State v. Mucie*, 448 S.W.2d 879, 889[11] (Mo.1970) the court held that a reduction of punishment rests in the discretion of the trial court and an abuse of that discretion must appear clearly in the record. Here there is

no doubt the jury was aware that Byers was paralyzed, but there is nothing in the record to demonstrate any passion or prejudice which resulted from her condition. McAlester confines his argument to the fact that Byers was paralyzed and the sentence assessed was the maximum. He makes no other effort to demonstrate prejudice or abuse of discretion. *Mucie* held at page 889[14] that the punishment will not be held to be excessive or the result of an abuse of discretion merely because it is the maximum fixed for that crime.

The judgment is affirmed.

All concur.