**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James HOLTRY, Defendant and Appellant.**

**No. 13496.**

Supreme Court of South Dakota.

Submitted on Briefs Feb. 26, 1982.

Decided July 7, 1982.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John T. Elston, Asst. Public Defender, Pennington County, Rapid City, for defendant and appellant.

PER CURIAM.

Defendant appeals from a judgment of conviction for rape in the first degree. SDCL 22–22–1. He was sentenced to twenty-five years in the State Penitentiary. We affirm.

Defendant, who was eighteen years old at the time of the offense, was charged with the rape of a twelve-year-old girl. After gaining entry to the girl's trailer home,

defendant used a string on the girl's neck, pulling it until she was unconscious. As she fell to the floor, he struck her in the face with his fist. The girl was raped on the floor of the trailer home. Before leaving the trailer home, defendant threatened her that if she told anyone he would come back and do it again. Shortly after he left, the girl discovered he had started a fire in the bathroom clothes hamper.

During the jury's deliberations the judge refused the jury's request for clarification of an instruction. He instructed them that the answer to their question was in the instructions. The jury instructions defined rape according to SDCL 22–22–1(1) and (5).* In addition, the jury was given the following instruction: "The phrase 'sexual penetration' as used in these instructions means an act, however slight, of sexual intercourse, any intrusion, however slight, of any part of the body into the genital or anal opening of another person's body." *See* SDCL 22–22–2. The jury referred to the above-quoted instruction and asked the trial judge, "We are in doubt as to what is meant by any part of the body—does it relate to the victim or attacker." The judge instructed them,

> Ladies and gentlemen of the jury, it is the duty of the jury to accept and apply the law as stated in these instructions, which you consider as a whole. You should not disregard any instruction, or give special attention to any one instruction, or question the validity of any rule of law. The answer to your question is contained in the instructions.

*See* SDCL 23A–25–8. Defense counsel requested the trial court to give a plain English response and objected to any response that referred to a particular instruction.

■ The issue is whether the trial court erred in failing to give the jury a direct answer to its inquiry. "If the court in the exercise of a sound discretion concludes that information or further instructions are not required, it may properly refuse such a request." *State v. Weinandt*, 84 S.D. 322, 327, 171 N.W.2d 73, 77 (1969); *see Zakrzewski v. Hyronimus*, 81 S.D. 428, 136 N.W.2d 572 (1965). It was not an abuse of the trial court's discretion to refuse to further instruct the jury when the answer to their question could be found by more carefully reading and considering the instructions already before them.

■ Defendant also maintains that the trial court's sentence of twenty-five years was cruel and unusual punishment and an abuse of discretion denying him due process in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article VI, § 23 of the South Dakota Constitution. His sentence was the statutory maximum. SDCL 22–6–1(4). "This Court has stated that a sentence within statutory limits is not reviewable on appeal. [cites omitted] We have also stated, however, that a sentence may be constitutionally offensive if its duration is so excessive as to shock the conscience." *State v. Curtis*, 298 N.W.2d 807, 811 (S.D. 1980). In light of the circumstances here, defendant's sentence does not shock the conscience of the Court. *State v. Phipps*, 318 N.W.2d 128 (S.D.1982); *State v. Antelope*, 304 N.W.2d 115 (S.D.1981).

The judgment and sentence are affirmed.

---

\* Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances:

(1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution; or

. . . .

(5) Where the victim is less than fifteen years of age.