STATE of Missouri,
Plaintiff-Respondent,

v.

Michael CORBIN, Defendant-Appellant.

No. 44049.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 1, 1983.

John Putzel, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction for second degree murder, § 565.004 RSMo. 1978, by the Circuit Court of the City of St. Louis. The defendant-appellant was found guilty by a jury and sentenced to twenty years' imprisonment. The judgment is affirmed.

Appellant raises two points of error. First, he claims that the evidence was insufficient to support a conviction for second degree murder. Second, appellant contends that it was error to admit photographs of the victim because the photographs were highly prejudicial.

■ The victim was appellant's stepfather. One evening, the stepfather told appellant not to curse appellant's sister. Appellant responded by cursing the stepfather and entering their house. The stepfather and the sister followed appellant indoors, but by that time, appellant had gone to the second floor. Appellant was told to come downstairs. He refused and told his stepfather that he would get hurt if he came upstairs. In spite of this warning, the victim went upstairs with appellant's sister.

When the sister turned on the light in appellant's room, she saw a sawed-off shotgun in appellant's hands. The stepfather told appellant to leave. An argument ensued. Appellant left his room and went into his sister's room, followed by his stepfather. The argument continued.

The stepfather then pushed appellant backwards with his open hand. Appellant

regained his balance. The stepfather took off his watch and handed it to appellant's sister who told appellant, "Don't shoot, don't shoot." Appellant did not heed his sister's command and shot his stepfather, who fell onto a bed. Then appellant walked over to his stepfather and shot him at least two more times.

The evidence and inferences which could be drawn from the evidence considered in the light most favorable to the jury verdict, *State v. Stewart*, 636 S.W.2d 345, 346[1] (Mo.App.1982), refute appellant's claim that the evidence was insufficient to support a conviction for second degree murder. Appellant possessed the loaded shotgun for a sufficient time to premeditate his course of action. After the victim pushed appellant, appellant still had enough time to premeditate because the victim had time to take off his wrist watch, appellant's sister had time to yell, "Don't shoot, don't shoot," and appellant had time to regain his balance. The point is denied.

◼ The next question is whether photographs of the victim should have been excluded because of their prejudicial impact. It is within the trial court's discretion to admit photographic evidence, if the probative value of the photographic evidence is not outweighed by its alleged prejudicial impact. *State v. Higgins*, 592 S.W.2d 151, 162[22, 23] (Mo. banc 1979).

◼ Appellant offered to stipulate to the cause of death and the location of the wounds. The trial court refused to deny admission of the photographs because of the offer to stipulate. The issue is thus whether the trial court was obligated to reject the photographic evidence in light of the proffered stipulations. Photographs are admissible despite a defendant's willingness to stipulate what the pictures would show. *State v. Cummings*, 607 S.W.2d 685, 687–688 (Mo.1980). The point is therefore denied.

The judgment is affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.