STATE of Missouri,
Plaintiff-Respondent,

v.

Robert L. RIDER, a/k/a Robert L.
Ryder, a/k/a George Harris,
Defendant-Appellant.

No. 13224.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 1984.

Motion for Rehearing Overruled and to
Transfer to
Supreme Court Denied Feb. 10, 1984.

Application to Transfer Denied
March 20, 1984.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lewis Z. Bridges, Lake Ozark, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of two counts of first-degree robbery and sentenced to concurrent sentences of life imprisonment on one count and ten years' imprisonment on the other. On appeal he contends that the trial court erred in denying his requests for a mistrial because of comments made by a juror during a recess; in overruling his motion to suppress identification testimony; in refusing to give an instruction he tendered regarding identification testimony; in overruling his motion for a mental examination filed after trial but before sentencing; and in sentencing him to the terms set by the jury.

Defendant was charged with robberies that occurred on July 16, 1982, in Osage Beach, Missouri. On that date at approximately 5:00 p.m., a man entered Wayne's Bait and Tackle Shop and, displaying a pistol, took $350 in cash from its proprietor, John Holdman. A watch was taken from John Proctor, a customer who entered the

premises while the robbery of Holdman was taking place. The robber, using "super glue", glued John Holdman's hands and face to the floor of the shop. He also glued the hands of Proctor, John Holdman's wife, Joan, and his daughter, Jill, to the floor. Shortly after he left they freed themselves and looked to see where he was. They did not see him but saw a car similar to that being driven by defendant on that day leaving the adjoining premises at a fast rate of speed.

At trial the Holdmans and Proctor identified defendant as the man who committed the robberies. Proctor had not seen defendant before but the Holdmans testified they had seen him in the shop previously on more than one occasion. In his testimony defendant denied that he committed the robberies, said he could not recall having been in the shop previously, and that he had left Osage Beach to go to New Melle, Missouri several hours before the robbery occurred.

■ Following voir dire of the jury panel and during the recess for the parties to make their strikes from it, defendant's counsel requested a mistrial claiming that a friend of a relative of the defendant heard a member of the jury panel say to another, "the defendant is in a wheelchair he must be trying to bullshit us." Defendant's counsel stated that the panel member would be either one of two, but he didn't know which one. The motion for mistrial was denied.

After the jury was seated and sworn, defendant's attorney said that he had now been informed that the person who made the comment was seated on the jury and again moved for a mistrial. He stated that "the individual is in the courtroom who can make that testimony to the Court." The judge then asked defendant's counsel, "what do you wish to do?" Counsel replied that he was requesting a mistrial. The judge said, "do you want to add anything to that on the record at this time?" Defendant's attorney said, "No". The judge then overruled the request.

Even if the remark would indicate prejudice, there is nothing in the record to establish that it occurred. Defendant's attorney's statements were hearsay based on what he had been told. No inquiries were made of any of the jurors and no one who claimed to have overheard the remark testified. Defendant had the burden of showing disqualification on the part of a juror or jurors. *State v. Ofield*, 651 S.W.2d 190, 193 (Mo.App.1983). He has not met that burden and thus no error in refusing a mistrial has been demonstrated.

■ We next consider defendant's contentions that the trial court erred in overruling his motion to suppress the testimony identifying him as a robber. The only objection at trial to defendant's identification was to that by Joan Holdman. The complaints regarding the other witnesses were not preserved for our review. When a pretrial motion to suppress identification testimony is made and overruled, timely objection to the identification testimony must be made during the trial in order to preserve that question for appellate review. *State v. Berry*, 609 S.W.2d 948, 953 (Mo. banc 1980); *State v. Hurst*, 612 S.W.2d 846, 851 (Mo. App.1981).

■ Nevertheless, it is apparent that the trial court did not err in overruling defendant's motion and admitting the identification testimony. Defendant contends that a photographic lineup containing his picture shown the witnesses prior to trial was unduly suggestive. The photographs do not indicate that to us. Moreover, each of the witnesses had a sufficient independent basis to support their identification of defendant.

The admissibility of identification testimony is determined by the totality of the circumstances and in viewing those circumstances, consideration is given to (1) the presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive courtroom identification. *State v. Hurst*, supra, 612 S.W.2d at 851. Here, each of the witnesses had an independent source, three of them had seen him before and each had

ample opportunity to view him during the five to ten minutes that he was in the shop while the robberies were being committed. No suggestive influence by others was shown and each witness made a positive courtroom identification of him. There was no error regarding the identification testimony.

■ The instruction regarding identification testimony tendered by defendant and refused by the court was the same as the instruction set forth in *United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552, 558–559 (D.C.Cir.1972), except for the numbering of certain paragraphs and the correction of an obvious typographical error that was in the instruction set forth in *Telfaire.* The Missouri Supreme Court has held that refusing such an instruction is not error. See *State v. Higgins,* 592 S.W.2d 151, 161 (Mo. banc 1979), appeal dismissed 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). See also *State v. Hurst,* supra, 612 S.W.2d 846 at 857. This point is denied.

In his next point defendant contends that the trial court erred in overruling his motion for a mental examination under § 552.-020, RSMo 1978. It was filed following the trial and prior to sentencing. The motion was accompanied by an affidavit of defendant's counsel stating that following the trial the defendant reported certain matters to him which led counsel to believe that a mental examination was necessary to determine whether defendant was presently competent and whether he was at the time of trial. The attorney was told that defendant has lapses of memory concerning incidences in his life, that he was under the care of a psychiatrist prior to being arrested for these charges, and that upon occasion defendant has used alcohol and drugs to excess and that he has loss of memory during those periods of use. There had not been a request for a mental examination prior to trial.

At the hearing on the motion the trial judge stated that defendant's testimony showed that he did understand the offenses that he was charged with. The judge said he did not think there was any other infor-

mation before him which gave sufficient cause for him to believe that there was any question about defendant's competency. The motion was then overruled.

■ A motion for an order for mental examination may be made at any time before sentencing but the trial court is required to enter an order for mental exam only when it has reasonable cause to believe that the defendant had a mental disease or defect excluding fitness to proceed. *State v. Garrett,* 595 S.W.2d 422, 433 (Mo.App. 1980). Here the trial court observed defendant during the trial and heard his testimony. The testimony clearly indicated that he understood the proceedings against him and was able to assist in his defense.

Deference is given to the trial court in its observations of a defendant's mental capacity to proceed, *State v. Stewart,* 596 S.W.2d 758, 761 (Mo.App.1980), and that determination is not set aside unless clearly arbitrary or unwarranted or clearly erroneous. See *State v. Lasiter,* 562 S.W.2d 751, 756 (Mo. App.1978). We find no such indication here. The incidents related by the attorney would not require a finding that defendant was not competent to proceed. The trial judge was able to hear and see defendant and the record supports the judge's determination. This contention is denied.

Defendant's final point contends that the trial court erred in overruling his motion under Rule 29.05 to reduce the sentences assessed by the jury. He contends both sentences are excessive for the crimes charged, disproportionate in light of the facts shown at trial, were the result of bias and prejudice on the part of the jury, and constitute cruel and unusual punishment. Rule 29.05 grants the trial court power to reduce the punishment within the statutory limits if it finds that the punishment is excessive.

■ The punishments of life on one count, concurrent with ten years on the other, were within the statutory limit. First-degree robbery is a class A felony, § 569.020, RSMo 1978, punishable by a term of not less than ten years and not to exceed

thirty years, or life imprisonment. § 558.-011.1(1), RSMo Supp.1982. Being the minimum, the 10-year sentence was certainly proper. The life sentence merits further discussion.

 Punishment within the statutory limit is not cruel and unusual unless so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper. *State v. Walker*, 618 S.W.2d 43, 44 (Mo.App.1981). "But whom to include in the category of 'all reasonable men' and what may shock their moral senses as to what is right and proper under any given set of circumstances, are fanciful and unanswerable legal conundrums born of a ignis fatuus." *State v. Manis*, 614 S.W.2d 771, 774 (Mo.App.1981). If there is such a limitation the punishment could not be said to be cruel and unusual here as we could not say that the fine trial judge or the jurors were unreasonable persons.

Nor does the life sentence appear to be cruel and unusual under the rationale of *Solem v. Helm*, —— U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Defendant will be eligible for parole in either one or two years depending upon his behavior. § 217.690.2, RSMo Supp.1982. This apparently prevents the life sentence from being constitutionally prohibited under those decisions. See *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983).

 An appellate court has authority to reduce a sentence if passion and prejudice and an abuse of discretion in not reducing a sentence under Rule 29.05 clearly appear in the record. *State v. Stewart*, 636 S.W.2d 345, 347 (Mo.App.1982). How that is determined from the record is unclear to us and apparently to others. See *State v. Johnson*, 549 S.W.2d 348, 351 (Mo.App.1977).

*State v. Mucie*, 448 S.W.2d 879, 889 (Mo. 1970), cert. den. 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970), states four nonexclusive factors which bear upon a request to reduce the sentence. They are: (1) whether the penalty was the maximum provided by law; (2) whether the crime was a brutal one; (3) the time it took the jury to reach its verdict; and (4) whether any instances of improper prejudicial conduct of witnesses, the court or the prosecution occurred.

 Life was the maximum but that alone will not make it excessive. *State v. Mucie*, supra; *State v. McAlester*, 635 S.W.2d 76, 78 (Mo.App.1982). Although attempting to glue the victims and witnesses was unusual, nothing brutal about the crime was shown. Of course, because a dangerous weapon was used, serious harm could have resulted to the persons in the shop through its use even if it was not intentionally fired and the glue conceivably could have caused harm to the skin of the witnesses.

 The jury deliberated 43 minutes before finding defendant guilty of both counts and assessing punishment on them. That time under these facts does not indicate prejudice to us. The only serious issue as to guilt was whether defendant was the robber and the state presented strong evidence that he was. No prejudicial conduct of the participants in the trial was shown in the record.

Discussion in the transcript about a presentence investigation report and that report indicates that defendant had been convicted of at least four previous felonies. Because of defendant's prior record and the use of a dangerous weapon we cannot say that the trial court abused its discretion in not reducing the life sentence.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.