James Irvin TYREE, Petitioner-Appellant,

v.

J.D. WHITE, Warden, and the Attorney General of the State of Alabama, Respondent-Appellee.

No. 85–7728
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 11, 1986.

Mary Ellen Fike Forehand, Attorney General's Office, Montgomery, Ala., for respondent-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

James Irvin Tyree, an Alabama prisoner, appeals from the district court's denial of his petition for habeas corpus. Appellant petitioner was convicted of attempting to obtain a controlled substance by a forged prescription and sentenced as a habitual offender to 25 years imprisonment and fined $25,000. He attacks his conviction and sentence on five grounds: (1) the trial court erroneously admitted evidence of a prior misdemeanor drug conviction; (2) his sentence exceeded the maximum allowed by law; (3) his statutory speedy trial rights were violated; (4) the court's jury instructions shifted the burden of proof to him, confused the elements of the offense, and conceded elements of the crime as proven; and (5) the sentencing hearing, and sentence did not conform to the Alabama rules of criminal procedure, constituted cruel and unusual punishment, and violated the Fourteenth Amendment due process clause.[1]

1. Appellant also raised a sixth claim below: that the state trial court had erroneously denied his

On the recommendation of a magistrate, the district court rejected these claims.[2] We affirm on the first four claims, but reverse and remand for an evidentiary hearing on the fifth.

Appellant's first two assertions of error can be consolidated, for both stem from appellant's erroneous interpretation of the Alabama Uniform Controlled Substances Act, *see* Ala.Code § 20–2–1 *et seq.* Appellant contends that his prior misdemeanor conviction for marijuana possession was improperly included in his indictment, proved at trial, and used to enhance his sentence for a felony drug conviction. Even if we were to assume that appellant has made a satisfactory showing of cause and prejudice to excuse procedural default below, *see Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), there is no merit to these contentions.

■ As the magistrate explained in his report, Alabama's Uniform Controlled Substances Act provides for doubled penalties whenever a convicted defendant has a previous conviction under state or federal law relating to illicit drugs. *See* Ala.Code § 20–2–76. Doubling is prohibited in only one case: where the *repeat* offense is possession of marijuana for personal use. *See* § 20–2–70(a). Appellant's repeat offense is attempted procurement of a controlled substance by a forged prescription. Consequently, he is subject to enhanced penalties, even though his *initial* offense is possession of marijuana for personal use.

In light of these statutory provisions, appellant cannot show a violation of state or constitutional law. His prior conviction was properly included in his indictment and proved at trial. *Luker v. State*, 424 So.2d 662 (Ala.Crim.App.1982). The maximum sentence applicable to his present offense is thirty years, *see* § 20–2–76; therefore his actual sentence of 25 years is not illegal as a matter of state law.

■ Appellant argues nonetheless that use of his prior misdemeanor conviction violated his right to due process. At appellant's arraignment, he was erroneously informed by the trial court that enhancement of penalties did not apply to his present offense, therefore the maximum sentence was 15 years. Appellant contends that this error deprived him of an informed choice between a plea of guilty or not guilty. Although appellant succeeds in raising a constitutional issue on this point, we cannot consider it due to appellant's procedural default in state court. Appellant failed to raise this error at trial or on direct appeal and therefore must demonstrate cause for and prejudice from such failure in order to obtain review in this court. *See Aldrich v. Wainwright*, 777 F.2d 630, 638 (11th Cir. 1985). Appellant's claim adequately states prejudice but nowhere does he explain why the error was not raised on direct appeal. Without proof of cause, habeas review of the issue is improper. *See id.*

■ Appellant's third claim of error is also beyond our consideration, but not because of procedural default. Appellant claims that the state violated his right to speedy trial by failing to try him within ninety days of his request, pursuant to the Alabama Uniform Mandatory Disposition of Detainer Act, Ala.Code § 15–9–80 *et. seq.* Appellant acknowledges that the courts of Alabama would deny him any rights under the Act because his trial was not the result of an interstate or federal detainer. *See Morning v. State*, 416 So.2d 780 (Ala.Crim.App.1982). Yet he argues that we should overturn this construction of the Act as unreasonable, and impose a ninety-day trial requirement. This we cannot do, for state court construction of state law is binding on federal courts entertaining petitions for habeas relief. *See Mis-*

---

"motion to exclude the state's evidence for failure to make a prima facie case." This claim was rejected by the district court and appellant has not pressed it on appeal.

**2.** The opinion and recommendation to which we refer resulted from a prior remand of this case, 765 F.2d 1121, for clarification of appellant's exhaustion of his claims and for fuller development of the district court's opinion on the merits.

*souri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

■ Appellant's fourth claim is directed to alleged defects in the jury instructions at trial. Appellant asserts that the trial court erred by indicating some elements of the offense were proven, by failing to clarify all the elements necessary to be proven, and by impermissibly shifting the burden of proof on the element of knowledge. A close reading of the full jury instructions indicates that the jury was informed of all necessary elements of the crime. Although the court initially misstated the burden of proof on knowledge, the error was subsequently corrected at defendant's request. The trial court did err in asserting as a proven fact that appellant had been previously convicted of possessing a controlled substance, marijuana. Since the prior conviction was alleged in the indictment as an element of the offense, the jury should have been instructed to determine if the conviction had been proven beyond a reasonable doubt. Although withdrawal of this allegation from the jury's consideration was erroneous, such error is harmless since the record leaves no doubt whatsoever of the truth of these allegations. *See Rose v. Clark,* — U.S. —, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

■ Appellant's fifth and last claim relates to his sentencing hearing and actual sentence of twenty-five years imprisonment for a first-time felony drug conviction. Appellant argues that the trial court did not follow state procedural rules in conducting his sentencing hearing. The Alabama Supreme Court reviewed this claim on appellant's direct appeal and found no error under state law. That determination is conclusive; no federal court is empowered to overturn it. *See Carrizales v. Wainwright,* 699 F.2d 1053 (11th Cir.1983).

■ Appellant's claim of an unconstitutionally disproportionate sentence is, however, subject to independent review in a federal habeas proceeding.[3] A court evaluating this claim must consider the following factors: (1) the gravity of the offense and the harshness of the punishment; (2) the sentence imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.[4] *See Seritt v. Alabama,* 731 F.2d 728 (11th Cir.1984). In this case, the district court made no such inquiry. It simply dismissed the claim on the magistrate's finding that the sentence did not exceed the maximum allowed under Alabama law. The district court's rationale misses the point of the *Seritt* analysis: a sentence may be unconstitutional even if it is valid under state law. Therefore we vacate the denial of habeas relief on this claim and remand appellant's case to the district court for an evidentiary hearing and findings of fact on the issue of whether appellant's sentence violates the Eighth and Fourteenth Amendments.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

3. Despite the fact that appellant did not raise this issue in state court, we have jurisdiction over this claim because appellee conceded exhaustion in the district court. *See Thompson v. Wainwright,* 714 F.2d 1495 (11th Cir.1983), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984).

4. For example, a review of the Georgia and Florida criminal codes reveals that Tyree's maximum sentence in either state would have been far lighter than that received in Alabama. In Georgia, the maximum sentence for attempting to obtain a controlled substance by forged prescription, a misdemeanor, is twelve months imprisonment and a $1,000 fine. Ga.Code §§ 16-78(a) & (b), 17-10-3(a). The Georgia repeat offender statute would not apply in that it requires a prior felony and Tyree was shown to have only one prior misdemeanor conviction for possession of marijuana. Ga.Code § 7-10-7. In Florida, the offense constitutes a third degree felony and carries a maximum five years imprisonment and a $5,000 fine. Fla.Stat. §§ 893.-13(3)(a)1 & (b), 775.082(3)(d), 775.083(1)(c). The Florida habitual offender statute also would not apply to this case in that it applies only if the offender has previously been convicted of a felony or two prior misdemeanors. Fla.Stat. § 775.084(1)(a)1.