**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Kenneth CARLTON,
Defendant-Appellant.**

No. 14784.

Missouri Court of Appeals,
Southern District.
Division Two.

June 30, 1987.

Ronald J. Fuller, Rolla, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Count I of an information charged the defendant with robbery in the first degree, § 569.020.1(3). Count II charged the defendant with attempted kidnapping, §§ 564.011 and 565.110. A jury found him guilty on each count and assessed his punishment for robbery at imprisonment for life and for attempted kidnapping at imprisonment for seven years. The court ordered the sentences to run consecutively. Defendant's two related points on appeal are based on his contention the punishment is excessive. A brief statement of the facts is sufficient.

At about 11:00 p.m. on November 19, 1984, the lone occupant of a convenience store in Rolla was a young lady attendant. At that time two men entered. Both had been drinking. The smaller and younger of the two was "falling down" drunk. He soon staggered back to a car parked in front of the store.

The defendant remained in the store. The victim described the defendant as "older and was pretty tall and heavyset." The defendant got a bottle of whiskey and a six-pack of soda. He placed them on the checkout counter. The victim started to check the prices and ring up the sale. The defendant stepped behind her. Defendant told her he had a gun and not to scream. He put an arm around her throat and pulled her close to him. She felt a bulge in his pocket which she assumed was a gun.

At the defendant's order the victim opened the cash register and gave him some bills which he accepted with his left hand. He put them in his pocket. The defendant got some coins. He then dragged the victim from the store.

When they reached the door, the defendant kept his arm around the victim's neck. He told her to act as if they were lovers. When they approached the car, the defendant told her she was going to get f_____ that night. The defendant tried to force her into the car. The victim said she was real scared and "I didn't think I'd make it back if I got in that car." She used one leg to brace herself against the door and struggled to get free. She did free herself and ran into the store and called the police. During the struggle, the victim was hit and her glasses knocked from her face. The victim gave the police the license number of the car. The defendant was quickly apprehended at an alcohol treatment center where he was staying. The defendant does not question the sufficiency of the evidence.

The defendant's first point is that the trial court erred in sentencing him in accordance with the verdicts because each verdict was excessive and the result of passion and prejudice on the part of the jury. He asks this court to reduce the sentences.

Before The Criminal Code (effective 1/1/79), § 546.430, RSMo 1969 (repealed 1/1/79) and Rule 27.04 (repealed 1/1/80) provided as follows: "The court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if in its opinion the conviction is proper, but the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted." Section 557.036.1, RSMo 1986 of The Criminal Code provides:

Subject to the limitation provided in subsection 3 upon a finding of guilt upon verdict or plea, the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly.

However, any term of imprisonment may not exceed the term declared by the jury unless the term declared by the jury is less than the authorized lowest term for the offense. § 557.036.3. Rule 29.05 provides: "The court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive."

█ Before The Criminal Code it was consistently held that the power of an appellate court to reduce a sentence should be exercised where "passion and prejudice so clearly appears from the record that the appellate court can confidently say the trial court abused its discretion by declining to reduce the punishment." *State v. Caffey*, 365 S.W.2d 607, 610 (Mo.1963). Also see *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300 (banc 1956), cert. denied, 352 U.S. 936, 77 S.Ct. 237, 1 L.Ed.2d 167 (1956); *State v. Agee*, 474 S.W.2d 817 (Mo.1971); *State v. Mucie*, 448 S.W.2d 879 (Mo.1970), cert. denied, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970); *State v. Rule*, 543 S.W.2d 325 (Mo.App.1976). While § 557.036.1 couches the sentencing authority of the trial court in different language, the power of a court to reduce the duration of punishment assessed by a jury is essentially the same as it was before The Code. The stated limitation on appellate relief from an allegedly excessive sentence has been consistently applied under The Code. *State v. Morris*, 661 S.W.2d 84 (Mo.App. 1983); *State v. McAlester*, 635 S.W.2d 76 (Mo.App.1982); *State v. Smith*, 633 S.W.2d 253 (Mo.App.1982).

█ The defendant argues such passion and prejudice is demonstrated in this case because the punishments were the maximum, the offenses were not brutal and by the inadequate time of deliberation by the jury. The assessment of the maximum terms of imprisonment does not establish excessiveness or passion and prejudice. *State v. Caffey*, supra; *State v. Rider*, 664 S.W.2d 617 (Mo.App.1984). The fact no weapon was displayed or physical injury inflicted does not establish the crimes were not brutal. The lone female attendant was threatened with injury, abduction and rape. She was for a time physically overpowered. In terror of abduction, rape and death she struggled free. The actions of the defendant were brutal. Cf. *State v. Morris*, supra.

The fact the jury returned the verdicts after 50 minutes does not establish passion and prejudice. The evidence was concise and clear. The issues were well defined.

> The time [the jury] may devote to such deliberation ... is left wholly to their judgment. Something more must appear therefore to warrant an interference with a verdict than an alleged brevity of their deliberations. To hold otherwise would be to interfere with their consideration of the facts, in which they are as independent of the court as the judge is of the jury in determining the law.

*State v. Richmond*, 321 Mo. 662, 12 S.W.2d 34, 36 (1928). Also see *State v. Caffey*, supra; *State v. Stout*, 675 S.W.2d 931 (Mo. App.1984).

Further, the fact there was no evidence of the defendant's previous convictions before the jury does not, considering the facts and circumstances, mean the jury acted from passion or prejudice. *State v. Stewart*, 636 S.W.2d 345 (Mo.App.1982). Nor does the defendant's alcoholism provide a basis for finding passion and prejudice. It is clear the defendant's voluntary intoxication does not relieve him of responsibility for his conduct. § 562.076; *State v. Rodden*, 728 S.W.2d 212 (Mo. banc 1987).

Finally, the defendant does not cite any improper prejudicial action by a witness, the prosecution or the court in the trial of this cause. An examination of the record does not disclose any. Cf. *State v. Mucie*, supra; *State v. Caffey*, supra. The defendant's first point has no merit and is denied.

By his second point, the defendant contends the sentences constitute cruel and unusual punishment contrary to the Eighth Amendment of the Constitution of the United States. To sustain that contention, he urges upon this court a comparison of the sentences imposed upon the defendant and sentences imposed for similar offenses in Missouri and in other jurisdictions. He cites and relies upon the following quota-

tion from a headnote: "Factors to consider in sentence proportionality review are gravity of offense and harshness of penalty, comparison of sentences imposed in same jurisdiction, and comparison of sentences imposed in other jurisdictions." *United States v. Wilson,* 787 F.2d 375, 376 (8th Cir.1986), cert. denied, — U.S. —, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986). He also cites *State v. Rider,* supra; *State v. Morris,* supra; and *State v. Johnson,* 549 S.W.2d 348 (Mo.App.1977), to establish that the defendant's sentences are disproportionate to life sentences for more aggravated offenses in those cases.

The defendant's position is actually based upon *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In speaking of the requirement of comparative proportionality in that case the court declared: "There is no basis for the State's assertion that the general principle of proportionality does not apply to felony prison sentences." *Id.,* 463 U.S. at 288, 103 S.Ct. at 3009, 77 L.Ed.2d at 648. The court added, "In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.,* 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649. After discussing the factors to be considered in determining proportionality, the court concluded,

> In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.,* 463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. It has been assumed that decision required a comparative proportionality analysis whenever a claim of excessiveness was asserted upon that basis. Le-Fave & Scott, Substantive Criminal Law § 2.14 (1986); *United States v. Eggleton,* 799 F.2d 378 (8th Cir.1986); *Tyree v. White,* 796 F.2d 390 (11th Cir.1986); *Kohley v. United States,* 784 F.2d 332 (8th Cir.1986).

However, it has been recognized there must be limitations upon the requirement of a comparative proportionality analysis of the length of sentences. For example, a basic limitation is the limitless variations of the factors involved in the commission of criminal offenses, and in the relevant background of defendants, even though each offense may constitute a violation of the same statute. *United States v. Meyer,* 802 F.2d 348 (9th Cir.1986). "In each case, a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker,* 771 F.2d 1362, 1365 (9th Cir.1985). Further, the strict application of such an analysis in this state would result in reducing the maximum sentence for an offense fixed by the Legislature to the least punishment assessed by a jury for the commission of a similar offense. It is unquestioned that to require such a comparative proportionality analysis in every case in which a claim of disproportionate punishment is asserted would impose an unnecessary and intolerable burden upon the judiciary.

Such limitations were acknowledged in *Solem.*

> Contrary to the dissent's suggestions, post, [463 U.S.] at 305, 315 [103 S.Ct. at 3017, 3022], 77 L.Ed.2d, at 658, 665, we do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*Solem,* 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, n. 16, 77 L.Ed.2d at 649, n. 16. Cf. *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), in which the court found California procedure to otherwise be adequate and declared: "There is thus no basis in our cases for holding that comparative proportionality review by an appellate court is required in every case in which the death penalty is imposed and the defendant requests it." *Id.,* 465 U.S. at 50–51, 104 S.Ct. at 879, 79 L.Ed.2d at 40. Perhaps with such limitations in mind it has been declared as follows:

> The *Solem* decision does set forth 'objective criteria' to be used in 'a court's proportionality analysis under the Eighth Amendment.' [463] U.S. at [291–92], 103 S.Ct. at 3010–11. Nevertheless, the Court expressly did not require extensive analysis with regard to every petition for habeas corpus relief raising that issue.

*Moreno v. Estelle,* 717 F.2d 171, 179–180 (5th Cir.1983), cert. denied, 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984).

Limitations upon the necessity of a comparative proportionality review have also received the following expressions:

> In reasserting this construction, we adopt the following:
>
> '[T]o the extent that *Solem* does not overrule the reasoning of *Rummell* [*v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)] and [*Hutto v.*] *Davis,* [454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982)] but, rather, explicitly accepts the position asserted in those cases, that in noncapital cases successful proportionality challenges will be extremely rare, 463 U.S. at 289–90 [103 S.Ct. at 3009], ... it seems to us that *Solem* requires an extensive proportionality analysis only in those cases involving life sentences without parole. We are inclined to interpret *Solem* in this light, especially given the *Solem* Court's refusal to overrule *Rummel* and *Davis,* and accordingly uphold the terms of years' sentences herein as appropriate sentences within the limits set by congress.'

*United States v. Rhodes,* 779 F.2d 1019, 1027–28 (4th Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986).

*Maddox v. State,* 502 So.2d 790, 792–93 (Ala.Cr.App.1986).

> We will first determine whether a sentence 'shocks the conscience;' *State v. Diede,* 319 N.W.2d 818 (S.D.1982); *State v. Holtry,* 321 N.W.2d 530 (S.D.1982); or is so disproportionate to the crime so as to activate the Eighth Amendment 'within and without the jurisdiction' proportionality tests enunciated in *Helm,* supra. If a sentence is manifestly disproportionate to the crime, or in the case of life sentences without parole, then the other two factors listed in *Helm* become more focused and require extensive review. This procedure will likely prevent the 'floodgates from opening,' as was heralded by the State. Courts will not need to accept vast statistical information at every sentencing hearing. It will also relieve this Court from the impossible task of reviewing for proportionality one term of years, as opposed to shorter or longer terms. *Helm,* supra 103 S.Ct. at 1139–1140.

*State v. Weiker,* 366 N.W.2d 823, 827 (S.D. 1985).

> We will not engage in a lengthy analysis under all three of the *Solem* criteria, including a consideration of the sentences imposed on similarly situated defendants in this and other jurisdictions, except in cases where the mode of punishment is unusual or where the relative length of sentence to imprisonment is extreme when compared to the gravity of the offense (the first of the *Solem* criteria).

*Oakley v. State,* 715 P.2d 1374, 1379 (Wyo. 1986). Also see *United States v. Rosenberg,* 806 F.2d 1169 (3rd Cir.1986); *Ex Parte Harbor,* 465 So.2d 460 (Ala.1985); *State v. Bell,* 719 S.W.2d 763 (Mo. banc 1986). The *Solem* decision has also received the following construction.

Appellant argues that the district judge was required under *Helm* to harmonize appellant's sentence with the sentences

imposed under the same or related offenses in state court and in other federal courts. We disagree. In *Helm* the Supreme Court acknowledged the trial judge's discretion to impose a sentence within permissible statutory limits. *Helm*, 463 U.S. at 290 & n. 16, 103 S.Ct. at 3009 & n. 16. In a post-*Helm* case, we stated that a district court 'is not required to harmonize its view of appropriate sentencing with that of other district courts ....' *Barker*, 771 F.2d at 1367. Because individual circumstances may vary from one offender to another, persons convicted of the same crime need not receive similar sentences. *United States v. Hall*, 778 F.2d [1427], at 1428 [(9th Cir.1985)]. The district judge was not required to reconcile appellant's sentence with the sentences that other courts have imposed on other defendants.

*United States v. Meyer*, supra, at 353.

 This court construes *Solem* to require a comparative proportionality analysis only when the length of a sentence of a defendant is grossly disproportionate to the gravity of the offense. The sentences of the defendant do not meet that standard.

Under his second point the defendant also argues that Mo. Const. art. 1, § 21 (1945) requires such a comparative proportionality analysis. In considering a claim of excessiveness based upon such an analysis, the Supreme Court of Missouri has made the following observation. "About all that can be said after reviewing these cases, is that the Legislature has provided for a wide range of punishment and judges and juries alike have fixed punishment over this wide range, depending upon the circumstances of each particular case." *State v. Deckard*, 426 S.W.2d 88, 91 (Mo. 1968). Also see *Molasky v. State*, 710 S.W.2d 875 (Mo.App.1986).

That court has repeatedly held that a punishment within the statutory limits does not contravene that section of the constitution because of its duration "unless [it is] so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and

proper under the circumstances." *State v. Deckard*, supra, at 91. Also see *State v. Freeman*, 702 S.W.2d 869 (Mo.App.1985); *State v. Rider*, supra; *State v. Mazzeri*, 578 S.W.2d 355 (Mo.App.1979). No authority or reason has been cited to establish that standard does not continue to be applicable. The sentences of the defendant do not meet that standard. Cf. *State v. Whitehead*, 675 S.W.2d 939 (Mo.App.1984). The defendant's second point is denied and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.