321 So.2d 519 (1975)
STATE of Louisiana
v.
Huey P. FISHER.
No. 56515.
Supreme Court of Louisiana.
November 3, 1975.
Charles W. Seaman, Kelly, Seaman & Ware, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Huey P. Fisher, pleaded guilty as an accessory after the fact to the crime of armed robbery, a violation of LSA-R.S. 14:25, and was sentenced to pay a fine of $500.00 and to imprisonment for five years in the custody of the Louisiana Department of Corrections. On appeal, he relies upon one assignment of error for reversal of his sentence.
Defendant alleges that his sentence violates the prohibition against cruel, excessive, or unusual punishment in Article 1, § 20 of the Louisiana Constitution of 1974.
His argument is two-fold. First, he asserts that the trial judge imposed his sentence of imprisonment with the proviso that it be served without benefit of probation, parole, or suspension of sentence, an unauthorized sentence under the penalty clause of LSA-R.S. 14:25. Next, he argues that the five-year sentence is "grossly disproportionate" in view of the *520 nature of the offense and defendant's prior record. (Allegedly, the defendant is a first offender.)
At the outset, we note that the sentence contains no prohibition against parole, probation, and suspension of sentence. The judge merely recorded his recommendation to the parole and correctional authorities. He stated:
"It is recommended by the Court that you not be given benefit of parole, probation or suspension of sentence.
"The Court recognizes that it has no authority to request the five years sentence of Huey P. Fisher be served without benefit of parole, probation or suspension of sentence but the Court wishes to make its feelings known to the State Department of Corrections."
The defendant cites no authority, nor are we aware of any, which prohibits a trial judge from making such a recommendation.
The sentence of five-years imprisonment imposed by the court is within the penalty prescribed by LSA-R.S. 14:25, which authorizes a sentence of five-years imprisonment, with or without hard labor. Hence, unless the penalty provision of the statute is constitutionally infirm, the sentence is valid. LSA-C.Cr.P. Art. 878; State v. Frank, La., 310 So.2d 110 (1975).
Armed robbery is one of the most serious offenses in a civilized society. It is fraught with danger of serious physical harm, even deathnot only to the victim but also to any person at the scene. See State v. Levi, 259 La. 591, 250 So.2d 751 (1971). The Legislature has recognized the gravity of the offense by authorizing a sentence of imprisonment from five to ninety-nine years, without benefit of probation, parole, or suspension of sentence. See LSA-R.S. 14:64.
In our opinion, a five-year sentence for the crime of being an accessory to armed robbery does no violence to the constitutional standard prohibiting cruel, excessive, or unusual punishment. Hence, we conclude that the penalty provision of LSA-R.S. 14:25 are constitutional.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs. In the proper case this must review excessiveness. Art. 1, § 20 La.Const.1974.