332 So.2d 220 (1976)
STATE of Louisiana
v.
Jay Archie VICTORIAN.
No. 57252.
Supreme Court of Louisiana.
May 17, 1976.
*221 Vanue B. Lacour, Holt B. Harrison, Lacour & Calloway, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Jay Archie Victorian, with armed robbery in violation of LSA-R.S. 14:64. The jury found him guilty as charged, and the trial judge sentenced him to forty-five years imprisonment without benefit of parole, probation, or suspension of sentence. On appeal to this Court, the defendant assigns two errors, attacking the constitutionality of the statute under which he was sentenced. We find no merit in his arguments and, accordingly, affirm his conviction and sentence.
LSA-R.S. 14:64, the armed robbery statute, provides in pertinent part:
"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
Defendant's first assignment of error complains that LSA-R.S. 14:64 violates the equal protection and due process clauses of the federal constitution because it delegates to the trial judge excessive discretion in fixing sentences, without any well-defined standards to guide that discretion.
Defendant further contends that delegating such broad discretion to the trial judge amounts to empowering him to legislate, in violation of the separation of powers clause of the Louisiana Constitution. La. Const. Art. II, § 2 (1974). Finally, defendant relies upon Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), arguing that the unrestrained discretion of the trial judge in his case is analogous to the unrestrained discretion of a jury condemned in Furman.
We reject the defendant's arguments. This Court has held numerous times that the sentencing provision of LSA-R.S. 14:64 is not violative of equal protection and due process guarantees. See e.g., State v. Hawkins, 263 La. 36, 267 So.2d 185 (1972); State v. Howard, 262 La. 270, 263 So.2d 32 (1972). In this case, we broaden those holdings to include a holding that the statute also does no violence to the separation of powers doctrine of the Louisiana Constitution. In United States v. McGhee, 488 F.2d 781 (5th Cir.), cert. denied, 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed. 2d 670 (1974), the Fifth Circuit Court of Appeals rejected a similar argument directed to a sentencing provision in a federal statute which provided no maximum term.
In Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the United States Supreme Court stated:
"... Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences."
The case of Furman v. Georgia, supra, is inapposite because it involved the unrestrained discretion of a jury on the issue of the death penalty and the potential for discrimination as to capital punishment. Those factors are not present in the instant case.
In his second assignment of error, defendant contends that LSA-R.S. 14:64 is unconstitutional both on its face and as applied to him, because it violates the prohibition in Article 1, § 20 of the Louisiana Constitution of 1974 against "cruel, excessive, or unusual punishment." We adhere *222 to our prior holdings that the penalty provision of the armed robbery statute is not constitutionally infirm. See, e.g., State v. Fisher, La., 321 So.2d 519 (1975); State v. Witherspoon, La., 292 So.2d 499 (1974); State v. Rose, La., 271 So.2d 863 (1973).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
CALOGERO, J., concurs and assigns reasons.
TATE, J., concurs for the reasons assigned by CALOGERO, J.
CALOGERO, Justice (concurring).
I respectfully concur.
Under the facts of this case and on the record before us, the forty-five year sentence imposed was not an excessive penalty for armed robbery. But see discussion in State v. McClinton, 329 So.2d 676 (La.), decided March 29, 1976; State v. Whitehurst, 319 So.2d 907 (La.1975).