JASPER E. JONES, Judge.
The defendant, Cleve Lawry, was convicted by a jury of the September 8, 1981, armed robbery of the Liberty Bank in Greenwood, Caddo Parish, Louisiana, in violation of LSA-R.S. 14:64. The district judge imposed a sentence of forty years at hard labor without benefit of parole, probation or suspension of sentence. Lawry appeals both his conviction and sentence. We affirm.
The State prosecuted Lawry on the theory that, though he was not present in the bank at the time of the robbery, he was a principal in the armed robbery under LSA-R.S. 14:24. At trial the State presented the testimony of defendant’s alleged confederates in the robbery, a witness to the getaway and a detective in the Caddo Parish Sheriff’s office. The testimony and evidence show the facts to be as set out below.
On the morning of September 8, 1981, Lawry picked up two acquaintances, Ronnie Hongo and Robert Hicks, in Many, Louisiana.[1] The men drove from Many to Natchi-toches in Lawry’s blue Buick Skylark. At Natchitoches the men ate breakfast and fueled the Skylark. They then began driving towards Shreveport.
Between Natchitoches and Shreveport they stopped at a country store and Lawry gave Hongo some money and instructed him to buy a pair of stockings.[2] After Hongo purchased the stockings the three men drove on to Shreveport and then to the Village of Greenwood.
They cruised through Greenwood for a time and Lawry pointed out the Liberty Bank to his companions. Lawry then drove to Interstate 20 and entered the eastbound lanes of travel. Lawry drove east on 1-20 to a point adjacent to the Liberty Bank where he stopped on the shoulder of the road.
Lawry produced two loaded handguns from the glove compartment of his car and gave Hongo and Hicks each a pistol. Law-ry also gave both younger men paper bags. Lawry then instructed Hongo and Hicks to use the previously purchased stockings as masks and to rob the Liberty Bank.
*155 Hongo and Hicks climbed the roadside embankment to the Liberty Bank. They concealed their faces with the stockings, entered the bank, drew their guns and announced the robbery. Hongo and Hicks then robbed a teller and a customer. The two men then fled from the bank and back to the car where Lawry was waiting.
The stopped Skylark had attracted the attention of an approaching truck driver. As he neared the Skylark the driver saw two men run from the bank to the car and get in. The Skylark pulled out behind the truck and passed it. When it passed, the truck driver wrote down the license number because of the suspicious behavior he had seen. When he heard about the robbery the truck driver reported the license number to the Caddo Parish Sheriff’s office.
Following the robbery, Lawry, Hicks and Hongo returned to Many by an indirect, back road route. On the way they stopped to dispose of the stockings and some clothing worn during the robbery. Upon reaching Many they went to a motel where they divided the proceeds of the robbery with Lawry receiving the lion’s share.
Using the license number furnished by the truck driver deputies learned that the Skylark was registered to Lawry. On September 9,1981, Lawry was arrested for the robbery. A search of the blue Skylark produced the two pistols used in the robbery.
Other information obtained from Lawry led to the arrests of Hongo and Hicks. Deputies recovered approximately $1,200 of the stolen money from Hicks and Hongo.
Lawry, Hicks and Hongo were charged with armed robbery. Hicks and Hongo both pled guilty to attempted armed robbery and testified against Lawry at trial. The jury unanimously convicted Lawry of armed robbery. The district judge imposed a sentence of forty years at hard labor without benefit of parole, probation or suspension of sentence. This appeal followed.
Appellant’s brief contains no formal assignments of error and is notable for its extreme brevity and vagueness. However, upon a careful review of the brief we interpret it as making two assignments of error: first, that there was insufficient evidence to convict the defendant; and, second, that the sentence is unconstitutional because it is excessive or constitutes cruel and unusual punishment.
A claim of insufficient evidence is judged by whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Donahue, 408 So.2d 1262 (La.1982), and cases cited therein.
The State has clearly shown that an armed robbery occurred. The only possible basis for appellant’s contention is that the State has not adequately proven that he was a principal in the armed robbery. See LSA-R.S. 14:24.[3]
The State presented evidence that Lawry chose the target of the robbery, recruited two men to perform the robbery, supplied guns to be used in the robbery and drove the getaway car. These acts, if proven, are sufficient to make Lawry a principal in the armed robbery under R.S. 14:24. Cf. State v. Dominick, 354 So.2d 1316 (La.1978); State v. Forrest, 356 So.2d 945 (La.1978). A rational trier of fact could find from the evidence presented that Lawry was a principal in the armed robbery of the Liberty Bank.
Defendant contends that his sentence is invalid as cruel and unusual or excessive punishment. This contention is in error.
The sentencing provisions of LSA-R.S. 14:64 [4] do not violate the constitutional *156 ban of cruel and unusual punishment. State v. Ireland, 377 So.2d 299 (La.1979); State v. Williams, 341 So.2d 370 (La.1976); State v. Victorian, 332 So.2d 220 (La.1976).
Neither is the sentence imposed here excessive in light of Lawry’s extensive criminal history which includes three prior convictions for forgery, his use of other persons in his criminal activity and the nature of the crime of armed robbery itself. Cf. State v. Green, 409 So.2d 563 (La.1982) (40 years for armed robbery with a toy pistol); State v. Douglas, 389 So.2d 1263 (La.1980) (99 years); State v. Brown, 387 So.2d 567 (La.1980) (50 years); State v. Ireland, supra (65 years); State v. Williams, supra (60 years); State v. Victorian, supra (45 years).
For the foregoing reasons the conviction and sentence are AFFIRMED.

. Lawry was 46 years old at the time while Hongo and Hicks were 26 and 18 respectively. Both Hongo and Hicks were unemployed and Hongo was in debt to Lawry. Lawry had previously indicated to Hongo that he had work for Hicks and Hongo.

. Apparently this was the first time that Hongo and Hicks became aware that Lawry had a criminal project in mind.

. R.S. 14:24 — All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

. R.S. 14:64 — A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, *156 by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.