STATE of Missouri, Respondent,

v.

Roy MORRIS, Appellant.

No. 46889.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1983.

Robert M. Paskal, Clayton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Morris appeals from a jury verdict in the Circuit Court of St. Louis County, where he was found guilty of robbery in the first degree, § 569.020 RSMo 1978, and sentenced to life imprisonment. Morris contends, on appeal: (1) the sentence imposed is cruel and unusual and, therefore, violative of the Eighth Amendment to the United States Constitution and Article I, Section 21 of Missouri's Constitution; (2) the trial court erred in not reducing the sentence in that it is disproportionate to the severity of the crime; and (3) he was rendered ineffective assistance of counsel at the trial in that his attorney's failure to allow Morris to testify was prejudicial to Morris' defense. We affirm.

On September 3, 1982, Max Weber was walking in a parking lot of a supermarket to reach his car at approximately 8:45 p.m. when two men approached him. He was shoved to the pavement by one of the men after which, according to the testimony of Weber, Morris held a gun to his side and took his billfold. Morris and the other man then left. On cross examination, Weber was questioned as to his testimony at the preliminary hearing, where he had stated that he was not sure which of his assailants held the gun or pushed him. Weber obtained police assistance and described the assailants who were apprehended and returned to the scene of the crime. Weber identified Morris as one of the assailants.

Morris was charged with robbery in the first degree, § 569.020 RSMo 1978, a class A

felony. The jury found him guilty and recommended a life imprisonment sentence which the trial court imposed.

Morris' first point contends the life imprisonment sentence violates the prohibition against cruel and unusual punishment contained in the Eighth Amendment and Article I, Section 21 of Missouri's Constitution. Section 569.020 provides that robbery in the first degree is a class A felony. "The authorized terms of imprisonment, including both prison and conditional release terms are: (1) for a class A felony, a term of years not less than ten years and not to exceed thirty years, or life imprisonment." Section 558.011.1(1) RSMo 1978. Morris' life imprisonment sentence is within the class A felony imprisonment range.

" '[O]ur courts have repeatedly held that a punishment which is within the statutory limits for the offense, .... is not cruel and unusual because of its duration *unless so disproportionate to the offense committed so as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances.*' " *State v. Mitchell,* 563 S.W.2d 18, 26[16] (Mo. banc 1978), citing *State v. Johnson,* 549 S.W.2d 348, 352 (Mo.App.1977). We do not believe a sentence of life imprisonment shocks the moral sense of reasonable persons where an elderly man is knocked down, a deadly weapon is placed against his side, and his wallet is taken. Armed robbery is a vicious crime and the legislature has so recognized by establishing the range of punishment.

Appellant, in his second point, contends the trial court erred in not reducing the sentence in that it is disproportionate to the severity of the crime. Supreme Court Rule 29.05 provides, "[t]he court shall have the power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." *See also,* § 557.036.3 RSMo 1978, as amended 1981. As to this court's ability to reduce a sentence, it is stated in *State v. Stewart,* 636 S.W.2d 345, 347 (Mo. App.1982) that "[a]s a general rule, a reviewing court has authority to reduce a sentence only if the necessary passion and prejudice and abuse of discretion clearly appear in the record." The record indicates no apparent passion and prejudice nor an abuse of discretion by the trial court in not reducing the sentence. Morris' second point is denied.

As his final point, Morris contends that his trial counsel's representation failed to meet the required standard. The issue of ineffective assistance of counsel is better left for a Rule 27.26 motion.

Affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.