WILLIAMS, Judge.
Joe D. Hoskins and Norman L. Brown were convicted of armed robbery and four counts of attempted first degree murder. Both were sentenced to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence for the armed robbery, and fifty-years at hard labor for the attempted first degree murder, with all sentences to run concurrently. In their sole assignment of error, the defendants contend that the sentences imposed were excessive. We affirm.
We have also reviewed the record for errors patent and have found none.
On August 8, 1983 Norman Brown and Joe Hoskins, who were carrying a gun, a knife and a razor, entered the Magic Mart from which Brown had been fired. At gunpoint they ordered the store manager and three store employees into the back office and then into the cooler where the defendants taped the eyes of all four people. When the store manager would not produce the keys to the safe, the defendants threatened to kill the victims. While Brown held the gun, Hoskins proceeded to stab the manager and cut the throats of the four victims using a knife and the broken end of a bottle. Although one victim avoided having her throat slashed, she was cut while attempting to defend herself. Before the defendants fled with the money, Brown stated that the victims would probably bleed to death before help arrived.
Since Brown was a former employee, some of the victims knew him, and Hoskins *1237 was subsequently identified in a physical line-up. Additionally, identifiable blood stains were found on some of the recovered money.
Brown testified that he did not intend to hurt anyone. Hoskins claimed that he was acting with the understanding that he would not have to kill people. He stated that Brown ordered him at gunpoint to kill the employees, and that he slashed their throats to satisfy Brown. Hoskins, who was nineteen, testified that Brown, who was thirty-two, had “practically raised him” and had been like an older brother.
A constitutionally excessive sentence would be one that is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). To determine if a sentence is unconstitutionally excessive, the reviewing court must decide whether the trial judge adequately complied with the sentencing guidelines set forth in LSA—C.Cr.P. art. 894.1. Although the judge is not required to specifically recite each factor listed, there must be an indication that he considered both the aggravating circumstances and mitigating factors dictated by C.Cr. P. art. 894.1 in imposing the defendant’s particular sentence. State v. Davis, 449 So.2d 452 (La.1984), State v. Quebedeaux, 424 So.2d 1009 (La.1982), State v. Soco, 441 So.2d 719 (La.1983).
At Hoskins’ sentencing, in accordance with La.C.Cr.P. art. 894.1 guidelines, the judge considered the personal and criminal history of the defendant and the seriousness of the crime. State v. Quebe-deaux, supra. In addition to noting the defendant’s extensive juvenile record, he recognized that a lesser sentence would deprecate from the seriousness of the crime and that the defendant would be dangerous to the community if he were released. The judge also considered mitigating factors pursuant to La.C.Cr.P. art. 894.1 by stating that the crimes “were a result of motivation, not force,” suggesting that the defendant acted of his own volition in causing serious harm, rather than as a result of provocation.
At Brown’s sentencing, the judge considered the seriousness of the offense and the defendant’s prior convictions of simple battery and possession of marijuana. The judge’s consideration of these factors sufficiently complies with art. 894.-1.
In addition to compliance with art. 894.1 the record must reflect an adequate factual basis for the sentence. State v. Soco, supra. In this case, although neither defendant had a violent history, the heinous nature of this crime exemplifies the defendant’s violent characters. Not only were the victims threatened with a gun, knife, razor, and machete, but were also mutilated by the use of a broken bottle. Further, contrary to Hoskins’ allegation, the trial judge specifically found that Brown did not force Hoskins to commit the crime. Based on the seriousness of the crimes committed, the sentences are hardly excessive.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED