# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0138** (Fayette County 15-F-67)

**Radee M. Hill,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Radee M. Hill, by counsel Anthony Ciliberti, Jr., appeals the order of the Circuit Court of Fayette County, entered January 20, 2016, sentencing him to a term of incarceration of fifty years in the West Virginia Penitentiary for his conviction of the felony offense of first-degree robbery. The State, by counsel Brian D. Parsons, filed a response. On appeal, petitioner argues that his sentence is disproportionate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, along with four co-defendants, traveled from South Carolina to West Virginia to rob Andrew Gunn. Upon arrival at Mr. Gunn's home, petitioner and at least two of the remaining co-defendants disguised themselves and armed themselves with two handguns and a shotgun. The men then entered the residence and ordered the occupants, including Mr. Gunn, Linda Knight, and Ms. Knight's young granddaughter, to the ground. Ms. Knight suffers from a heart condition, and upon the men's entry into the home, she began to experience chest pains. Ms. Knight's young granddaughter urinated on herself in fear.

The men stole a safe containing approximately $9,000, two pairs of Air Jordan sneakers, and a Horton crossbow. Upon their return to South Carolina, a co-defendant's mother provided a tip to the authorities, and the men were arrested. All five individuals were indicted for the crimes of conspiracy to commit a felony, first-degree robbery, entry of a dwelling, and grand larceny.

At trial, petitioner was convicted of conspiracy to commit a felony, first-degree robbery, and entry of a dwelling. The grand larceny charge was dismissed at trial, upon the State's motion. Thereafter, petitioner was sentenced to the State Penitentiary for an indeterminate period of not less than one year nor more than five years for the felony offense of conspiracy to commit a felony, for not less than one year nor more than ten years for the felony offense of entry of a

1

dwelling, and for a determinate period of fifty years for the felony offense of robbery in the first degree. On January 20, 2016, petitioner was resentenced to restart the appeal period, and it is from the order resentencing petitioner that he appeals. On appeal, petitioner challenges only the fifty-year determinate sentence for his conviction of first-degree robbery.

With regard to his conviction of first-degree robbery, petitioner argues that this sentence is disproportionate to the crime and therefore violates his right to proportional sentencing under Article III, Section 5 of the West Virginia Constitution. This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). Additionally, we have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). But, "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citation omitted). Because our first-degree robbery statute contains no upper limit, the Court will undertake a proportionality analysis in this matter.

There are two tests for determining whether a sentence is so disproportionate to the crime that it violates Article III, Section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *Adams*, 211 W.Va. at 233, 565 S.E.2d at 355 (citation omitted). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, Syl. Pt. 2.

In this case, petitioner, along with four co-defendants, traveled from South Carolina to West Virginia for the purpose of invading Mr. Gunn's home and robbing him. Petitioner and two of his co-defendants armed themselves before entering the residence. Ms. Knight's heart condition rendered her particularly vulnerable to the shock and fear caused by armed men entering the residence. Her young granddaughter was so fearful that she urinated on herself. Moreover, petitioner's criminal history, per his presentence investigation report, includes "breaking into vehicle, shoplifting, drinking in public, open container, petit larceny, public/disorderly conduct, and breaking into auto." For these reasons, this Court does not find that petitioner's fifty-year determinate sentence for first-degree robbery shocks the conscience.

Moving to the objective test, and in considering the nature of the offense, we recognize, as we long have, that "aggravated robbery . . . involves a high potentiality for violence and injury to the victim involved." *Id.* at 234, 565 S.E.2d at 356. Although petitioner's victims were not

physically harmed, "this fact does not diminish the inherent potential for injury or even death that can occur in an aggravated robbery crime." *Id.*

This Court has recognized that the sentencing scheme for first-degree robbery serves two purposes: "First, it gives recognition to the seriousness of the offense by imposing a minimum sentence below which a trial court may not go. Second, the open-ended maximum sentencing discretion allows trial courts to consider the weight of aggravating and mitigating factors in each particular case." *Id.* at 234-35, 565 S.E.2d at 356-57 (citation omitted). The primary mitigating factor here is the fact that no one was physically injured; however, aggravating factors include petitioner's criminal history and the finding in his presentence investigation report that he has a "[v]ery [h]igh risk/need level[,]" meaning that petitioner has a ninety-nine percent chance of recidivating.

In comparing the length of petitioner's sentence with what would be inflicted in other jurisdictions, this Court has previously recognized that other jurisdictions permit long prison sentences for first-degree robbery. *See id.* at 235, 565 S.E.2d at 357 (citing *State v. Boag*, 453 P.2d 508 (Ariz. 1969) (imposing seventy-five to ninety-nine-year sentence); *State v. Victorian*, 332 So.2d 220 (La. 1976) (imposing forty-five-year sentence); *State v. Hoskins*, 522 So.2d 1235 (La. Ct. App. 1988) (imposing ninety-nine-year sentence); *People v. Murph*, 463 N.W.2d 156 (Mich. Ct. App. 1990) (imposing two forty-six-year sentences); *State v. Morris*, 661 S.W.2d 84 (Mo. Ct. App. 1983) (imposing life sentence); *Robinson v. State*, 743 P.2d 1088 (Okla. Crim. App. 1987) (imposing 100-year sentence)).

Lastly, comparing the punishment with other offenses within this jurisdiction, this Court has rejected proportionality challenges in many cases involving first-degree robbery, even where the sentences imposed have exceeded petitioner's. *Adams*, 211 W.Va. at 235, 565 S.E.2d at 357 (citing *State v. Williams*, 205 W.Va. 552, 519 S.E.2d 835 (1999) (upholding fifty-year sentence for attempted aggravated robbery); *State v. Phillips*, 199 W.Va. 507, 485 S.E.2d 676 (1997) (upholding 140-year sentence for two counts of aggravated robbery and one count of kidnapping); *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990) (upholding 100-year sentence for attempted aggravated robbery); *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989) (upholding sixty-year sentence for aggravated robbery); *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988) (upholding life sentence for aggravated robbery); *State v. Brown*, 177 W.Va. 633, 355 S.E.2d 614 (1987) (upholding sixty-year sentence for aggravated robbery); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987) (upholding seventy-five-year sentence for aggravated robbery)).

In *Adams*, this Court upheld a ninety-year sentence for first-degree robbery. 211 W.Va. 231, 565 S.E.2d 353. That sentence was upheld in spite of the fact that neither a deadly weapon nor extreme violence was used during the commission of the crime. *Id.* at 232, 565 S.E.2d at 354. In the instant case, petitioner's sentence was only slightly more than half of Mr. Adams's, and petitioner used a gun in the commission of this crime to intimidate and scare vulnerable victims. Thus, we find that petitioner's sentence is not disproportionate to the crime committed.

Accordingly, for the foregoing reasons, we affirm the circuit court's January 20, 2016, order.

Affirmed.

**ISSUED:**  November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II