# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0362** (Clay County 15-F-16, 15-F-21, & 15-F-38)

**Isaiah Murphy,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Isaiah Murphy, by counsel Kevin W. Hughart, appeals the order of the Circuit Court of Clay County, entered April 1, 2016, sentencing him to a term of incarceration of fifty years in the West Virginia Penitentiary for each of his two convictions of the felony offense of first-degree robbery and a concurrent term of incarceration of one to ten years for the felony offense of burglary. The State, by counsel Zachary Aaron Viglianco, filed a response. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner argues that his sentence is disproportionate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the Clay County grand jury indicted petitioner on one count each of robbery, in violation of West Virginia Code § 61-2-12; and conspiracy to commit robbery, in violation of West Virginia Code § 61-10-31. These charges stem from an incident in which petitioner and his co-defendant allegedly robbed a Go-Mart convenience store while wielding a machete in demand for cash.

The Clay County grand jury also indicted petitioner on one count of burglary, in violation of West Virginia Code § 61-3-11; one count of grand larceny, in violation of West Virginia Code § 61-3-13; and one count of conspiracy to commit burglary, in violation of West Virginia Code § 61-10-31. These charges stem from an incident in which petitioner and his co-defendant allegedly entered the victim's residence without breaking and stole the victim's personal property.

In November of 2015, the State filed an information charging petitioner with one count of robbery, in violation of West Virginia Code § 61-2-12. This charge stems from an incident in which petitioner and his co-defendant allegedly stole prescription drugs from the victim while

1

wielding a knife.

Thereafter, petitioner entered into a global plea agreement to resolve all charges. Petitioner pled guilty to two counts of robbery and one count of burglary. As part of the agreement, the State agreed to dismiss or not prosecute eleven other serious crimes charged against petitioner. During the plea hearing, petitioner acknowledged that the circuit court could sentence him to any term of incarceration that was not less than ten years for each count of robbery. The circuit court specifically informed petitioner that he could be sentenced to a term of incarceration of 100 years for each robbery count. Furthermore, petitioner admitted that he acted with his co-defendant during the Go-Mart convenience store robbery. At the conclusion of the November 6, 2015, plea hearing, the circuit court ordered the Clay County Probation Office to complete a complete pre-sentence investigation report ("PSI"). Subsequently, the circuit court imposed the following sentences: fifty years of incarceration for each of the two counts of robbery, to be served consecutively; and one to ten years of incarceration for one count of burglary, to be served concurrently to the robbery charges. This appeal followed.

With regard to his sentences for robbery, petitioner argues that his sentence is disproportionate to the crime and therefore violates his right to proportional sentencing under Article III, Section 5 of the West Virginia Constitution. This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). Additionally, we have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). But, "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citation omitted). Because our robbery statute contains no upper limit, the Court will undertake a proportionality analysis in this matter.

There are two tests for determining whether a sentence is so disproportionate to the crime that it violates Article III, Section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *Adams*, 211 W.Va. at 233, 565 S.E.2d at 355 (citation omitted). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, Syl. Pt. 2.

In this case, petitioner, along with his co-defendant, robbed a Go-Mart convenience store while wielding a machete and robbed a victim of his prescription drugs at knife point. Petitioner also entered a victim's residence and stole various items of personal property. Moreover, the

2

circuit court considered petitioner's lengthy criminal history of shoplifting, possession of a controlled substance, carrying a deadly weapon without a license, fleeing a police officer, and nighttime burglary. Likewise, per petitioner's PSI report, petitioner had unsuccessfully participated in alternative sentencing programs for his previously committed crimes and was considered a "high" level to reoffend. For these reasons, this Court does not find that petitioner's fifty-year determinate sentence for each count of robbery shocks the conscience.

Moving to the objective test, and in considering the nature of the offense, we recognize, as we long have, that "aggravated robbery . . . involves a high potentiality for violence and injury to the victim involved." *Id.* at 234, 565 S.E.2d at 356. Although petitioner's victims were not physically harmed, "this fact does not diminish the inherent potential for injury or even death that can occur in an aggravated robbery crime." *Id.*

This Court has also recognized that the sentencing scheme for robbery serves two purposes: "First, it gives recognition to the seriousness of the offense by imposing a minimum sentence below which a trial court may not go. Second, the open-ended maximum sentencing discretion allows trial courts to consider the weight of aggravating and mitigating factors in each particular case." *Id.* at 234-35, 565 S.E.2d at 356-57 (citation omitted). The primary mitigating factor here is the fact that no one was physically injured and petitioner was not the primary mover of the crimes; however, aggravating factors include petitioner's criminal history and the finding in his PSI report that he has a "high risk"of recidivating.

In comparing the length of petitioner's sentence with what would be inflicted in other jurisdictions, this Court has previously recognized that other jurisdictions permit long prison sentences for first-degree robbery. *See id.* at 235, 565 S.E.2d at 357 (citing *State v. Boag*, 453 P.2d 508 (Ariz. 1969) (imposing seventy-five to ninety-nine-year sentence); *State v. Victorian*, 332 So.2d 220 (La. 1976) (imposing forty-five-year sentence); *State v. Hoskins*, 522 So.2d 1235 (La. Ct. App. 1988) (imposing ninety-nine-year sentence); *People v. Murph*, 463 N.W.2d 156 (Mich. Ct. App. 1990) (imposing two forty-six-year sentences); *State v. Morris*, 661 S.W.2d 84 (Mo. Ct. App. 1983) (imposing life sentence); *Robinson v. State*, 743 P.2d 1088 (Okla. Crim. App. 1987) (imposing 100-year sentence)).

Lastly, comparing the punishment with other offenses within this jurisdiction, this Court has rejected proportionality challenges in many cases involving first-degree robbery, even where the sentences imposed have exceeded petitioner's. *Adams*, 211 W.Va. at 235, 565 S.E.2d at 357 (citing *State v. Williams*, 205 W.Va. 552, 519 S.E.2d 835 (1999) (upholding fifty-year sentence for attempted aggravated robbery); *State v. Phillips*, 199 W.Va. 507, 485 S.E.2d 676 (1997) (upholding 140-year sentence for two counts of aggravated robbery and one count of kidnapping); *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990) (upholding 100-year sentence for attempted aggravated robbery); *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989) (upholding sixty-year sentence for aggravated robbery); *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988) (upholding life sentence for aggravated robbery); *State v. Brown*, 177 W.Va. 633, 355 S.E.2d 614 (1987) (upholding sixty-year sentence for aggravated robbery); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987) (upholding seventy-five-year sentence for aggravated robbery)).

In *Adams*, this Court upheld a ninety-year sentence for first-degree robbery. 211 W.Va. 231, 565 S.E.2d 353. That sentence was upheld in spite of the fact that neither a deadly weapon nor extreme violence was used during the commission of the crime. *Id.* at 232, 565 S.E.2d at 354. In the instant case, petitioner's sentence for each count of robbery was only slightly more than half of Mr. Adams's, and petitioner's co-defendant used a knife and machete during the crimes to intimidate and scare vulnerable victims. Thus, we find that petitioner's sentence is not disproportionate to the crimes committed.

Accordingly, for the foregoing reasons, we affirm the circuit court's April 1, 2016, order.

Affirmed.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4