**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0594** (Kanawha County 16-F-150)

**Martez A. Griffin,**
**Defendant Below, Petitioner**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Martez A. Griffin, by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's May 27, 2016, order sentencing him to a term of incarceration of sixty years for his conviction of one count of first-degree robbery.[1] The State of West Virginia, by counsel

---

[1] Petitioner's undersigned counsel, Matthew A. Victor, filed a brief in accordance with Rules 10(c)(10)(a) and (b) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure provides that

[t]he following requirements must be observed when counsel in a criminal . . . case is directed by a client to file an appeal where counsel lacks a good faith belief that an appeal is reasonable and warranted under the circumstances:

(a) Counsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client, but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

(b) In extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

1

Gordon L. Mowen, II, filed a response. On appeal, petitioner argues that the circuit court erred when it sentenced him to an unacceptable sentence. Petitioner also argues that he received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, petitioner and his co-defendants forcibly broke into an apartment wherein they robbed the victim of money and heroin. During the commission of the robbery, petitioner struck the victim in the head with a "large marble rock." After the robbery, the victim attempted to climb out of an open window but slid down the side of the apartment building and fell to his death.

In March of 2016, petitioner was indicted on one felony count of first-degree robbery and one felony count of first-degree murder. In May of 2015, following plea negotiations with the State, the State extended a binding plea offer to petitioner whereby he would plead guilty to one felony count of first-degree robbery.[2] For this crime, petitioner would be sentenced to a determinate term of sixty years of incarceration. In exchange for the guilty plea, the State agreed to dismiss the remaining felony count of first-degree murder. Petitioner stated at the plea hearing that he understood that he was being sentenced to the previously agreed-upon term of incarceration, that he was waiving certain constitutional rights by pleading guilty, and that he was entering into a voluntary plea agreement. The circuit court sentenced petitioner to the previously agreed-upon determinate term of incarceration of sixty years for the first-degree robbery conviction. By order entered on May 27, 2016. Petitioner did not object to the sixty-year term of incarceration at sentencing. It is from this order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

---

[2]The plea was entered into pursuant to Rule 11(e)(1)(c) of the West Virginia Rules of Criminal Procedure, which provides that

> [t]he attorney for the state and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty . . . to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following: Agree that a specific sentence is the appropriate disposition of the case.

Petitioner first argues that he is "dissatisfied" with the sentence he received pursuant to his plea of guilty. We have previously explained that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). But, "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citation omitted). Because our first-degree robbery statute contains no upper limit, the Court will undertake a proportionality analysis in this matter.

There are two tests for determining whether a sentence is so disproportionate to the crime that it violates Article III, Section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Adams*, 211 W.Va. 231, 233, 565 S.E.2d 353, 355 (2002). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. *Id.* Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, Syl. Pt. 2.

In this case, petitioner and his co-defendants forcibly broke into an apartment to rob the victim of money and heroin. During the commission of the robbery, petitioner struck the victim in the head with a large rock. Further, petitioner agreed to his sentence as a part of his plea agreement. For these reasons, this Court does not find that petitioner's sixty-year determinate sentence for first-degree robbery shocks the conscience.

Moving to the objective test, and considering the nature of the offense, we recognize that "aggravated robbery . . . involves a high potentiality for violence and injury to the victim involved." *Id.* at 234, 565 S.E.2d at 356. This Court has recognized that the sentencing scheme for first-degree robbery serves two purposes: "First, it gives recognition to the seriousness of the offense by imposing a minimum sentence below which a trial court may not go. Second, the open-ended maximum sentencing discretion allows trial courts to consider the weight of aggravating and mitigating factors in each particular case." *Id.* at 234-35, 565 S.E.2d at 356-57.

In comparing the length of petitioner's sentence with what is imposed in other jurisdictions, this Court has previously recognized that other jurisdictions also permit long prison sentences for first-degree robbery. *See Id.* at 235, 565 S.E.2d at 357 (citing *State v. Boag*, 453 P.2d 508 (Ariz. 1969) (imposing seventy-five to ninety-nine-year sentence); *State v. Victorian*, 332 So.2d 220 (La. 1976) (imposing forty-five-year sentence); *State v. Hoskins*, 522 So.2d 1235 (La. Ct. App. 1988) (imposing ninety-nine-year sentence); *People v. Murph*, 463 N.W.2d 156 (Mich. Ct. App. 1990) (imposing two forty-six-year sentences); *State v. Morris*, 661 S.W.2d 84 (Mo. Ct. App. 1983) (imposing life sentence); *Robinson v. State*, 743 P.2d 1088 (Okla. Crim. App. 1987) (imposing 100 year sentence)).

Finally, comparing the punishment with other offenses within this jurisdiction, this Court has rejected proportionality challenges in many cases involving first-degree robbery, even where the sentences imposed have exceeded petitioner's sentence of sixty years. *Adams*, 211 W.Va. at 235, 565 S.E.2d at 357 (citing *State v. Williams*, 205 W.Va. 552, 519 S.E.2d 835 (1999) (upholding fifty-year sentence for attempted aggravated robbery); *State v. Phillips*, 199 W.Va. 507, 485 S.E.2d 676 (1997) (upholding 140-year sentence for two counts of aggravated robbery and one count of kidnapping); *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990) (upholding 100-year sentence for attempted aggravated robbery); *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989) (upholding sixty-year sentence for aggravated robbery); *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988) (upholding life sentence for aggravated robbery); *State v. Brown*, 177 W.Va. 633, 355 S.E.2d 614 (1987) (upholding sixty-year sentence for aggravated robbery); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987) (upholding seventy-five-year sentence for aggravated robbery)).

In *Adams*, this Court upheld a ninety-year sentence for first-degree robbery in spite of the fact that no extreme violence was used during the commission of the robbery. *Id.* at 232, 565 S.E.2d at 354. In the instant case, petitioner's sentence was less than that of the defendant in *Adams*, and petitioner used a rock to violently strike the victim in the head. Thus, we find that petitioner's sentence is not disproportionate to the crime committed.

Petitioner next argues that he received ineffective assistance of counsel below. Petitioner vaguely contends that by "pinging" his cellular telephone, it could have been established that he was in the State of Arkansas at the time of the crime. We note, however, that petitioner entered into a binding plea agreement with the State. Further, our review of the record does not reveal "whether, in light of all the circumstances, the identified acts or omissions [of the appellant's trial counsel] were outside the broad range of professionally competent assistance . . . [without] engaging in hindsight or second-guessing of [trial counsel's] strategic decisions." Syl. pt. 6, in part, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1994). As we stated in *Miller*, "[i]t is apparent that we intelligently cannot determine the merits of this ineffective assistance claim without an adequate record giving trial counsel the courtesy of being able to explain his trial actions." at 17, 459 S.E.2d at 128.[3] Accordingly, we decline to further address this issue on direct appeal.

---

[3]We have previously held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 27, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker