# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0802** (Berkeley County 2015-F-37)

**Clayton Thomas Pruitt,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clayton Thomas Pruitt, by counsel Douglas F. Kobayashi, appeals the Circuit Court of Berkeley County's August 11, 2017, order sentencing him to thirty years of incarceration following his conviction of first-degree robbery. The State, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that his determinate sentence of thirty years of incarceration for first-degree robbery was unconstitutional.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 9, 2014, petitioner entered a bar wearing a gray bandana over his face and brandishing a gun, and demanded money from the bartender. Thomas W. Brashear II, petitioner's co-defendant below, was the getaway car driver. Police stopped petitioner and Brashear and discovered a large amount of cash, two walkie-talkies, and a gray bandana under the front seat of the car. Brashear was charged with three felony counts of robbery and two counts of conspiracy stemming from two prior robberies, as well as the robbery committed with petitioner. One felony count of first-degree robbery and one conspiracy count were related to the robbery committed with petitioner. Brashear ultimately pled guilty to one first-degree robbery charge, and the circuit court sentenced him to a determinate sentence of ten years of incarceration. On February 18, 2015, petitioner was indicted for one count of first-degree robbery and one count of conspiracy to commit robbery.

On July 19, 2016, the circuit court held a plea hearing during which petitioner pled guilty to first-degree robbery and agreed to a thirty-year sentence. The State agreed to dismiss the related conspiracy charge and an unrelated gun possession charge. The circuit court accepted petitioner's binding guilty plea and set the matter for sentencing. On September 12, 2016, the circuit court sentenced petitioner to thirty years of incarceration as required by the binding plea

1

agreement. On August 11, 2017, petitioner was appointed new counsel and re-sentenced for purposes of appeal. Petitioner now appeals the circuit court's sentencing order.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).

On appeal, petitioner argues that the thirty-year sentence of incarceration was disproportionate in violation of article III, section 5 of the West Virginia Constitution. Although he agreed to a thirty-year sentence in a binding plea agreement, petitioner argues that his sentence was disproportionate because his co-defendant received a sentence of ten years of incarceration for a similar offense despite having two additional first-degree robbery offenses. We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). However, "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002)(citation omitted). Because our first-degree robbery statute contains no upper limit, the Court will undertake a proportionality analysis in this matter. *See* W. Va. Code § 61-2-12 ("Any person who . . . uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility *not less than ten years*.") (emphasis added).

There are two tests for determining whether a sentence is so disproportionate to the crime that it violates article III, section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Adams*, 211 W.Va. 231, 233, 565 S.E.2d 353, 355 (2002). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. *Id.* Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, Syl. Pt. 2. In this case, petitioner entered a bar brandishing a gun and demanded money from the bartender. Further, petitioner agreed to his sentence as a part of his binding plea agreement. For these reasons, this Court does not find that petitioner's thirty-year determinate sentence for first-degree robbery shocks the conscience.

Next, proceeding to the objective test and considering the nature of the offense, we recognize that "aggravated robbery . . . involves a high potentiality for violence and injury to the victim involved." *Id.* at 234, 565 S.E.2d at 356. This Court has recognized that the sentencing scheme for first-degree robbery serves two purposes: "First, it gives recognition to the seriousness of the offense by imposing a minimum sentence below which a trial court may not

go. Second, the open-ended maximum sentencing discretion allows trial courts to consider the weight of aggravating and mitigating factors in each particular case." *Id.* at 234-35, 565 S.E.2d at 356-57.

In comparing the length of petitioner's sentence with what is imposed in other jurisdictions, this Court has previously recognized that other jurisdictions also permit long prison sentences for first-degree robbery. *See id.* at 235, 565 S.E.2d at 357 (citing *State v. Boag*, 453 P.2d 508 (Ariz. 1969) (imposing seventy-five to ninety-nine-year sentence); *State v. Victorian*, 332 So.2d 220 (La. 1976) (imposing forty-five-year sentence); *State v. Hoskins*, 522 So.2d 1235 (La. Ct. App. 1988) (imposing ninety-nine-year sentence); *People v. Murph*, 463 N.W.2d 156 (Mich. Ct. App. 1990) (imposing two forty-six-year sentences); *State v. Morris*, 661 S.W.2d 84 (Mo. Ct. App. 1983) (imposing life sentence); *Robinson v. State*, 743 P.2d 1088 (Okla. Crim. App. 1987) (imposing 100 year sentence)).

Furthermore, comparing the punishment with other offenses within this jurisdiction, this Court has rejected proportionality challenges in many cases involving first-degree robbery, even where the sentences imposed have exceeded petitioner's sentence of thirty years. *Adams*, 211 W.Va. at 235, 565 S.E.2d at 357 (citing *State v. Williams*, 205 W.Va. 552, 519 S.E.2d 835 (1999) (upholding fifty-year sentence for attempted aggravated robbery); *State v. Phillips*, 199 W.Va. 507, 485 S.E.2d 676 (1997) (upholding 140-year sentence for two counts of aggravated robbery and one count of kidnapping); *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990) (upholding 100-year sentence for attempted aggravated robbery); *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989) (upholding sixty-year sentence for aggravated robbery); *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988) (upholding life sentence for aggravated robbery); *State v. Brown*, 177 W.Va. 633, 355 S.E.2d 614 (1987) (upholding sixty-year sentence for aggravated robbery); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987) (upholding seventy-five-year sentence for aggravated robbery)). Thus, we find that petitioner's sentence is not disproportionate to the crime committed.

Finally, while petitioner argues that his thirty-year sentence was disproportionate to that of his co-defendant, who pled guilty to first-degree robbery and received a sentence of ten years of incarceration, we have held that

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age[,] and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Here, we find that petitioner and his co-defendant were not similarly situated because petitioner was the individual that entered the bar brandishing a gun and demanding money while his co-defendant was the getaway car driver. Therefore, we conclude that petitioner's thirty-year sentence of incarceration for first-degree robbery was not unconstitutionally disproportionate to his co-defendant's sentence.

For the foregoing reasons, the circuit court's August 11, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

4